IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02097-REB-MEH

SAGEPOINT FINANCIAL, INC.,
f/k/a AIG FINANCIAL ADVISORS, INC.,
f/k/a SUNAMERICA SECURITIES, INC.,

    Plaintiff,

v.

RICHARD BROWN,
DAVID KINARD,
DONNA KINARD,
ADAM LUNDQUIST,
DAVID MINOR,
JERRY PULLIAM,
CAROL PULLIAM, and
LARRY SPAHR,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 28, 2009.**

    The Unopposed Motion to Intervene pursuant to Fed. R. Civ. P. 24(a) and Joinder to Plaintiff's Complaint [filed September 28, 2009; docket #16] is **denied without prejudice** for failure to comply fully with D.C. Colo. LCivR 7.1A. Plaintiff/Intervenor Bachman represents he conferred with Plaintiff SagePoint Financial, Inc.'s counsel but does not verify conferral with counsel for Defendants.

    The plain language of D.C. Colo. LCivR 7.1A states,

> The court will not consider *any motion*, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

(emphasis added). The Court reminds the parties of their continuing obligations to comply fully with D.C. Colo. LCivR 7.1A. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail).